# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:21-CV-00093-JHM**

**JANE DOE**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFFS**

**v.**

**WEBSTER COUNTY,** *et al.*　　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendants' Motions for a More Definite Statement [DN 15, 17, 24]. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendants' Motions for More Definite Statement are **GRANTED**. The Plaintiffs' Motion for Leave to Proceed Pseudonymously and for Protective Order [DN 20] is **DENIED**.

### I. BACKGROUND

The Plaintiffs are four women currently or previously incarcerated in the Webster County Detention Center ("WCDC"). [DN 8 at ¶ 1]. Presently, their identities are unknown, filing this action as "Jane Does." *See* [DN 8]. The group alleges WCDC officer Arthur Dale Collins ("Collins") assaulted them with his taser; harassed them over the facility intercom system; and pressured them into performing sexual activities. *See* [DN 8]. Two other officers, Tabitha Willis ("Willis") and Jennifer Reynolds ("Reynolds"), apparently witnessed Collins's conduct and failed to report it. [*Id.* at ¶¶ 51–60]. Likewise, Jailer Morgan McKinley ("McKinley") allegedly failed to supervise his staff or prevent Collins's actions. [*Id.* at ¶¶ 2, 61–71].

The Plaintiffs' Amended Complaint names Webster County ("the County") as a defendant alongside the aforementioned officers (collectively "the Defendants"). [*Id.* at ¶¶ 10–14]. That pleading alleges constitutional violations under 28 U.S.C. § 1983, assault and battery, negligence,

1

intentional infliction of emotional distress, and negligent supervision. [*Id.* at ¶¶ 84–103]. Before answering, the Defendants filed multiple Motions for a More Definite Statement, contending the Plaintiffs must include their full legal names. [DN 15, 17, 24]. Hoping to conceal their identities, the Plaintiffs submitted a Motion for Leave to Proceed Pseudonymously and for Protective Order. [DN 20]. If the Court denies the Plaintiffs' motion, alternatively, they request leave to amend their pleadings to include their names. [*Id.* at 4].

## II. DISCUSSION

This case concerns the Defendants' Motions for a More Definite Statement. [DN 15, 17, 24]. Federal Rule of Civil Procedure 12(e) states: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Given the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored." *Appling v. Lifeline Health Group, Inc.*, No. 1:05-CV-199 2006 WL 938999, at *2 (W.D. Ky. Apr. 10, 2006) (citing Fed. R. Civ. P. 8). But "'if a pleading fails to specify the allegations in a manner that provides sufficient notice,' then a Rule 12(e) motion may be appropriate." *Id.* (quoting *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002)).

The Defendants argue the Plaintiffs' pleadings are insufficient because they do not include their full legal names. *See* [DN 15]. "As a general matter, a complaint must state the names of all parties." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing Fed. R. Civ. P. 10(a)). "Under certain circumstances, however, the district court may allow a plaintiff to proceed under a pseudonym by granting a protective order." *D.E. v. Doe*, 834 F.3d 723, 728 (6th Cir. 2016). "The burden is on the Plaintiff to demonstrate that the need for anonymity substantially outweighs both the presumption that a party's identity is public information and the risk of unfairness to the

opposing party." *Doe v. Dordoni*, No. 1:16-CV-00074, 2016 WL 4522672, at *2 (W.D. Ky. Aug. 29, 2016).  The Sixth Circuit held:

> Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings.  They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F.3d at 560.  Additionally, courts "consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).  The Court addresses these factors in turn.

To start, the Court can easily dispense with two factors— "whether the litigation compels plaintiffs to disclose an intention to violate the law" and "whether the plaintiffs are children." *Porter*, 370 F.3d at 560.  Plaintiffs do not make the argument that disclosure would expose an intent to violate the law. [DN 20 at 1–3]; [DN 31 at 2–4].  Similarly, all Plaintiffs are adults. *See generally* [DN 8].  Thus, both factors weigh against proceeding pseudonymously.

The next *Porter* factor—whether "the plaintiffs seeking anonymity are suing to challenge governmental activity"—is more complicated.  370 F.3d at 560.  "[C]ourts are generally less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity 'seeking to have a law or regulation declared invalid.'" *K.G. v. Board of Educ. of Woodford Cnty.*, No. 5:18-CV-555, 2019 WL 4467638, at *3 (E.D. Ky. Sept. 18, 2019) (quoting *Doe v. Univ. of Pittsburgh*, No. 1:17-CV-213, 2018 WL 1312219, at*2 (W.D. Mich. Mar. 14, 2018)).  Courts outside this circuit have found that "[w]hether the defendant is a governmental entity or a private defendant is significant because governmental

3

bodies do not share the concerns about 'reputation' that private individuals have when they are charged with wrongdoing." *Doe v. Shakur*, 164 F.R.D. 359, 361 n.1 (S.D. N.Y. 1996). The Plaintiffs sued the County, a governmental entity, and several of its employees in their individual and official capacities. [DN 8 at 8–12]. Yet the Defendants contend this factor disfavors pseudonymity because the Plaintiffs did not "challeng[e] the constitutional, statutory or regulatory validity of government activity." *G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012) (internal quotation marks omitted); *see also Doe v. Univ. of Pittsburgh*, 1:17-CV-213, 2018 WL 3029085, at *1 (W.D. Mich. Jan. 12, 2018).

Citing Supreme Court precedent, Plaintiffs maintain they are challenging a governmental policy: "the policies, practices, and customs of the Webster County, including its failure to train and supervise and its ratification of the misconduct of the individual Defendants." [DN 31 at 2–4] (citing *Monell v. Dep't. of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978)). Under similar facts, other courts found this factor satisfied when the plaintiff "challenge[d] an alleged . . . policy of tolerating and acquiescing" in sexual assaults committed by officers. *Doe v. Mitchell*, No. 2:20-CV-00459, 2020 WL 6882601, at *6 (S.D. Ohio Nov. 24, 2020); *see also Doe v. Streck*, 522 F. Supp. 3d 332, 334 (S.D. Ohio 2021) (allowing pseudonymity when a sheriff sexually assaulted a prisoner). Regardless, the Plaintiffs have named several defendants in their individual capacities alongside the governmental entity. If the Court allowed the Plaintiffs to proceed pseudonymously, these individual named Defendants "would be required to defend [themselves] publicly while plaintiff[s] could make [their] accusations from behind a cloak of anonymity." *Shakur*, 164 F.R.D. at 361. This reputational concern disfavors pseudonymity.

The second *Porter* factor examines whether denying pseudonymity would disclose information of the "utmost intimacy." 370 F.3d at 560. That is true here. The Plaintiffs'

4

Complaint details numerous instances of harassment, intimidation, violence, and sexual abuse at the hands of WCDC staff.  *See* [DN 1, 8].  "Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness."  *NMIC Ins. Co. v. Smith*, 2:18-CV-533, 2018 WL 7859755, at *2 (S.D. Ohio Oct. 24, 2018); *see also Mitchell*, 2020 WL 6882601, at *5–6.  If required to reveal their true names, Plaintiffs would "be forced to disclose extremely private information in the court of pursuing [their] claims."  *Mitchell*, 2020 WL 6882601, at *6.  The Defendants do not contest the private interests in this case.  [DN 27 at 3].  However, the Defendants correctly note that intimacy and privacy concerns are only one factor in the analysis, [*Id.*]; "where a motion to proceed anonymously has been granted, courts have generally found further purpose for protecting the plaintiffs' identity."  *K.R.B. v. Elizabethtown Indep. School Dist.*, No. 3:17-CV-00605, 2017 WL 11483915, at *1 (W.D. Ky. Dec. 7, 2017).  Still, this factor favors permitting the Plaintiffs to proceed pseudonymously.

In addition to the *Porter* factors, the Court should "consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case."  *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).  Plaintiffs provide two explanations as to why pseudonymity would not prejudice the Defendants.  [DN 20 at 3].  First, the Plaintiffs already provided their true names to the Defendants.  [*Id.*].  Second, the Plaintiffs seek a protective order and "are prepared . . . to file their true names under seal."  [*Id.*].  Previous courts have found no "discernable prejudice" when plaintiffs seeking to proceed pseudonymously were "willing to disclose their names" or had already disclosed it.  *Doe No. 1 v. Springboro Cmty. City Sch. Dist.*, No. 1:19-CV-785, 2020 WL 3048191, at *2 n.4 (S.D. Ohio June 8, 2020); *see also, e.g., Doe v. Kenyon Coll.*, 2:20-CV-4972, 2020 WL 11885928, at *2

(S.D. Ohio Sept. 24, 2020); *Doe v. City of Detroit*, No. 18-CV-11295, 2018 WL 3434345, at *2–3 (E.D. Mich. Jul. 17, 2018); *Board of Educ. of the Highland Loc. Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 n.3 (S.D. Ohio Aug. 15, 2016). This precedent indicates no prejudice would exist in this case.

Defendants contend that pseudonymity would "unnecessarily complicate[ ] the litigation." [DN 27 at 4]. Given the "number of separate incidents alleged" and "the uncertainty as to dates," Defendants maintain there "is a need for careful discovery and separate analysis of each incident and each Plaintiff." [*Id.* at 5]. The Court agrees.

Lastly, the Court considers "the strong public policy in favor of public access to judicial proceedings." *Does v. Shalushi*, No. 10-11837, 2010 WL 3037789, at *2 (E.D. Mich. Jul. 30, 2010); [DN 27 at 3–5]. The Defendants argue that non-parties outside the case will not "be able to review this matter for precedent, res judicata, or collateral estoppel purposes[.]" [*Id.* at 5]. It is correct that pseudonymity "undermines the efficiency of the courts by impeding the application of res judicata and collateral estoppel." *Doe v. Univ. of Louisville*, No. 3:17-CV-00638, 2018 WL 3313019, at *3 (W.D. Ky. Jul. 5, 2018). *But see EW v. New York Blood Ctr.*, 213 F.R.D. 108, 110 (E.D. N.Y. 2003) ("The Supreme Court has nonetheless given the practice implicit recognition . . . ."). While a protective order would not render "the entire case . . . inaccessible," as the Defendants insist, it would prevent the public from ever learning the Plaintiffs' identity. Furthermore, since the Plaintiffs "have chosen to file a civil complaint for [monetary] damages as adults," they should be required to identify themselves. *Elizabethtown Indep. School Dist.*, 2017 WL 11483915, at *2. Thus, "the presumption of open judicial proceedings" disfavors pseudonymity.

### III. CONCLUSION

After balancing the *Porter* factors and additional considerations, the Plaintiffs interests do not "substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560. For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motions for More Definite Statement [DN 15, 17, and 24] are **GRANTED**. The Plaintiffs' Motion for Leave to Proceed Pseudonymously and for Protective Order [DN 20] is **DENIED**. **The Court grants the Plaintiffs leave to amend their Complaint to include their full legal names within thirty (30) days.**

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

January 12, 2022

cc: Counsel of Record