UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO: 4:21-CV-00093-JHM**

**TANISHA WILLIAMS, et. al**  PLAINTIFFS

**V.**

**WEBSTER COUNTY, KENTUCKY, et. al**  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant Arthur Dale Collins to stay this civil matter pending resolution of the ongoing related criminal proceeding against him. [DN 40]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

Plaintiffs Tanisha Williams, Rachael Berry, Alyssa Lovell, and Jennifer McDaniel ("Plaintiffs") filed this action in September of 2021 arising out of the alleged sexual abuse of Plaintiffs while they were incarcerated at the Webster County Detention Center by Defendant Arthur Dale Collins ("Defendant Collins"), a former control officer at the jail. Plaintiffs allege various federal and state claims against Defendants Webster County, Officer Arthur Dale Collins, Deputy Jennifer Reynolds, Jail Supervisory Sergeant Tabitha Willis, and Jailer Morgan McKinley ("Defendants"). [DN 1, DN 8, DN 35].

Prior to Plaintiffs filing this civil action, Defendant Collins was arrested and indicted in Webster County on charges of Official Misconduct in the First Degree, Video Voyeurism, Assault in the Fourth Degree, and Sexual Abuse in the First Degree. *Commonwealth v. Collins*, Criminal Action No. 21-CR-00025 (Indictment, Amended Indictment). As of April 5, 2022, the Office of Special Prosecutions with the Kentucky Attorney General's Office has been assigned to the criminal case, and a pretrial conference has been scheduled for June 2, 2022. *Id.* Defendant

Collins now moves to stay this civil action as to him pending resolution of the ongoing criminal proceeding against him and any proceeding "that may[] further arise secondary to said ongoing, related criminal proceeding." [DN 40 at 1]. Plaintiffs oppose Defendant Collins's motion to stay.

## II. STANDARD OF REVIEW

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)). District courts have "'broad discretion in determining whether to stay a civil action while a criminal action is pending or impending.'" *Id.* at 627 (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). "The Sixth Circuit reviews this Court's decision of whether to stay a civil action for abuse of discretion." *Williams v. Jamison*, No. 5:17-CV-00156-TBR, 2018 WL 3058874, at *2 (W.D. Ky. June 20, 2018) (citing *F.T.C.*, 767 F.3d at 627). "Nevertheless, '[a] stay of civil proceedings due to a pending criminal investigation is an extraordinary remedy,' and 'nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment.'" *Johnson, next friend of C.P.S. v. Hamilton Cty. Gov't*, No. 1:19-CV-329, 2020 WL 6479558, at *1 (E.D. Tenn. Feb. 26, 2020) (citations and internal quotation marks omitted).

District courts considering a stay of civil proceedings while a parallel criminal action is pending look at the following factors: (1) "the extent to which the issues in the criminal case overlap with those presented in the civil case"; (2) "the status of the case, including whether the defendants have been indicted"; (3) "the private interests of the plaintiffs in proceeding

expeditiously weighed against the prejudice to plaintiffs caused by the delay"; (4) "the private interests of and burden on the defendants"; (5) "the interests of the courts"; and (6) "the public interest." *F.T.C.*, 767 F.3d at 627.  As part of this multi-factor analysis, courts "should consider the extent to which the defendant's fifth amendment rights are implicated." *Id.* (quotation marks omitted).  The party seeking the stay bears the burden of showing a "pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* at 627–28.  *See also Napper v. Hankison*, No. 3:20-CV-764-BJB-RSE, 2021 WL 1084970, at *2 (W.D. Ky. Feb. 5, 2021).

### III. DISCUSSION

Upon a review of the facts in light of the above case law, the Court concludes that Defendant Collins has carried his burden to justify the stay.

The first two factors support Defendant Collins's stay request.  It is undisputed that there is overlap of issues in the criminal and civil matters.  The criminal and civil matters stem from the same events.  And Collins has been indicted for his role in the events that form the basis of this suit.  "Trial courts within the Sixth Circuit have treated this scenario—'a party under indictment for a serious offense[,] required to defend a civil or administrative action involving the same matter'—as 'the *strongest case* for deferring civil proceedings until after completion of criminal proceedings.'" *Napper v. Hankison*, No. 3:20-CV-764-BJB-RSE, 2021 WL 1084970, at *2 (W.D. Ky. Feb. 5, 2021) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (emphasis added) and citing *S.E.C. v. Abdallah*, 313 F.R.D. 59, 64 (N.D. Ohio 2016); *Bunch v. Foley*, No. 1:15-cv-1114, 2015 WL 7871051, at *2 (W.D. Ky. Dec. 3, 2015)).  In fact, "[a] stay is most appropriate where a party to the civil case has been indicted for the same conduct because (1) 'the likelihood that a defendant may make incriminating statement is greatest after an

indictment has issued; and (2) the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act consideration.'" *Sec. & Exch. Comm'n v. Bongiorno*, No. 1:20-CV-00469, 2022 WL 891811, at *3 (N.D. Ohio Mar. 28, 2022) (quoting *F.T.C.*, 767 F.3d at 628); *Smith v. FirstEnergy Corp.*, No. 2:20-CV-3755, 2021 WL 507881, at *2 (S.D. Ohio Feb. 11, 2021).

The third and fourth factors instructs courts to "balance the private interests of the parties against the potential prejudice faced by each." *Sikon v. Carroll Co., Ohio*, No. 5:20-CV-0674, 2020 WL 8838043, at *3 (N.D. Ohio June 12, 2020); *see also Porter v. Buckler*, No. 0:14-127-DLB, 2015 WL 1926363, at *3 (E.D. Ky. Apr. 28, 2015). "The balance of hardships" has been identified by the Sixth Circuit "as the most important factor." *Napper*, 2021 WL 1084970, at *3. Courts recognize that "[d]elay is particularly harmful to a plaintiff when the risk of spoliation of evidence, failed memories, or witness unavailability is high." *Johnson*, 2020 WL 6479558 at *3. Similarly, courts acknowledge that the "[t]he simultaneous litigation of criminal charges and civil causes of action against the same person, for the same conduct, 'may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings.'" *Doe v. Matthew 25, Inc.*, 322 F. Supp. 3d 843, 850 (M.D. Tenn. 2018) (quoting *State Farm Life Ins. Co. v. Lindsey*, No. 2:14-CV-1902, 2015 WL 12991126, at *1 (S.D. Ohio June 29, 2015)).

Here, [t]he Court finds that Defendant Collins's risk that his Fifth Amendment privilege against self-incrimination might be undermined weighs in favor of a stay in the present case. *See Napper*, 2021 WL 1084970, at *3 While the Court recognizes this problem is not unique to Collins and is not by itself dispositive, *United States v. Conn*, No. 11-157, 2016 WL 4803970, at *7 (E.D. Ky. Sept. 9, 2016), "courts within this district have nevertheless recognized that this self-incrimination concern represents a significant 'hardship' for the defendant that weighs in favor of

4

a stay." *Napper*, 2021 WL 1084970, at *3 (citing *Clark v. Louisville Jefferson Cty. Metro Gov't.*, No. 3:17-CV-419, 2019 WL 4317057, at *3 (W.D. Ky. Sept. 11, 2019)).

The Court recognizes that Plaintiffs have an interest in the expeditious resolution of the civil action and that a stay of discovery impedes that interest. However, in the Court's view, Plaintiffs' concerns regarding the breadth and depth of the stay can be reduced by limiting "the stay to discovery and other litigation obligations that would materially implicate [Collins's] exercise of his Fifth Amendment rights." *Napper*, 2021 WL 1084970, at *4. Plaintiffs could take discovery from the other Defendants and any nonparties, as well as discovery from Collins that does not implicate his Fifth Amendment rights. Furthermore, Plaintiffs' ability to move forward with discovery of witnesses and the other parties significantly limits their argument that the stay will result in failed memories and witness unavailability. Thus, the balance of hardships weighs in favor of a stay of the civil proceedings.

Plaintiffs argue that it is unclear when the criminal action against Collins will be resolved, resulting in a stay of indefinite duration. [DN 41 at 6–7]. While it is impossible to be certain when the criminal case will be resolved, a special prosecutor has been assigned in the criminal action and a new pretrial conference has been scheduled for June 2, 2022, that could provide a better indication as to how long the criminal proceedings will last. "Plaintiffs' concerns might be a reason to lift a stay at a later date but do not outweigh the appropriateness of a stay at present." *B.L. v. Schuhmann*, No. 3:18-CV-151, 2019 WL 177940, at *4 (W.D. Ky. Jan. 11, 2019).

Both the fifth factor—the Court's interest—and the sixth factor—the public interest—weigh in favor of a stay as to Collins. A stay would avoid the Court having to handle disputes regarding assertions by Collins of his Fifth Amendment privilege against self-incrimination. *B.L.*, 2019 WL 177940, at *4. Further, "[i]t is in the public interest for Court resources to be used

efficiently, and avoiding disputes regarding [Collins's] Fifth Amendment rights preserves the time of the Court to supervise and assist with other discovery issues." *Id.*

Finally, the Court must determine the breadth of the stay. "Given the dynamic nature of both lawsuits, open-ended delay is unnecessary." *Napper*, 2021 WL 1084970 at *4. As discussed above, "[t]he Court will limit the stay to discovery and other litigation obligations that would materially implicate [Collins's] exercise of his Fifth Amendment rights." *Napper*, 2021 WL 1084970, at *4. Additionally, the Court will require Collins to submit status reports describing the posture of his criminal case every 90 days. *Id.*

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant Arthur Dale Collins to stay this civil matter pending resolution of the ongoing related criminal proceeding against him [DN 40] is **GRANTED IN PART**. The Court **STAYS** Collins's discovery, pleading, and other pre-trial obligations that would implicate his Fifth Amendment rights.

**IT IS FURTHER ORDERED** that Collins submit a report detailing the status of his criminal case every 90 days.

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: counsel of record

April 18, 2022